IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01728-PAB-MJW

FRANCISCO ALTAMIRANO,

Plaintiff(s).

v.

CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD,

Defendant(s).

---

**ORDER REGARDING
DEFENDANT'S MOTION TO STAY DISCOVERY (DOCKET NO. 10)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Defendant's Motion to Stay Discovery (docket no. 10).  The court has reviewed the subject motion (docket no. 10) and the response (docket no. 15) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to

2

be heard;

4. That the decision to issue a stay of pretrial proceedings rests within the sound discretion of the trial court. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.");

The pending Motion to Dismiss for Lack of Jurisdiction (docket no. 6) is akin to motions to dismiss on jurisdictional grounds in <u>Zimmerman v. CIT Group, Inc.</u>, No. 08-cv-00246-ZLW-KLM, 2008 WL 1818445, at *1 (D. Colo. Apr. 21, 2008), because Defendant's arguments here challenge the procedural right of Plaintiff to assert the claims alleged in the Complaint. In <u>Zimmerman</u>, the "special burden" on the defendants, as it is here, was the risk of proceeding with expensive discovery in a lawsuit that is not properly asserted by the right plaintiff or in the right forum; and

5. That here, the court finds, after reviewing the legal arguments presented in the subject motion (docket no. 10), the response (docket no. 15), and by Defendant in its pending Motion to Dismiss for Lack of Jurisdiction (docket no. 6), that Defendant has

3

demonstrated a real hardship or inequity if a stay is not granted. See Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000). Furthermore, absent undue prejudice, discovery and other pretrial proceedings should await the resolution of a such motion (docket no. 6). Accordingly, in this court's discretion and in the interest of justice pursuant to S.E.C. v. Nacchio, 2005 WL 1799372 (D. Colo. July 28, 2005), the court finds that the Defendant's Motion to Stay Discovery (docket no. 10) should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Motion to Stay Discovery (docket no. 10) is **GRANTED**;

2. That discovery is **STAYED** pending ruling by Judge Brimmer on Defendant's Motion to Dismiss for Lack of Jurisdiction (docket no. 6); and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 1st day of February 2012.

BY THE COURT
s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE