IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01728-PAB-MJW

FRANCISCO ALTAMIRANO,

    Plaintiff,

v.

CHEMICAL SAFETY AND HAZARD INVESTIGATION BOARD,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on the motion to dismiss [Docket No. 6] filed by defendant Chemical Safety and Hazard Investigation Board ("CSB"). Defendant seeks dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The motion is fully briefed and ripe for disposition.

    CSB is a federal agency for which plaintiff worked as a Chemical Incident Investigator. In his complaint, plaintiff alleges that his dismissal from his position at the CSB was a result of discrimination based on race and national origin in violation of Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000e-16(a), as well as age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 633a. Furthermore, plaintiff seeks review of the Final Order of the Merit Systems Protection Board ("MSPB") rejecting plaintiff's claim that his termination violated his rights under the Civil Service Reform Act, *see* 5 U.S.C. §§ 1201 *et seq.* Defendant argues that, because plaintiff failed to adequately exhaust his discrimination

claims before the MSPB, this Court may not exercise jurisdiction over this case.

## I. STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Here, defendant attacks the factual basis for subject matter jurisdiction. Therefore, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## II. DISCUSSION

The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over review of MSPB decisions unless the case also involves claims of unlawful discrimination. *See* 5 U.S.C. § 7703(b). "[W]hen an appeal to the MSPB

involves claims of unlawful discrimination related to or stemming from the employment action, it is considered a 'mixed' appeal." *Coffman v. Glickman*, 328 F.3d 619, 621 (10th Cir. 2003). Review of MSPB determinations in "mixed" cases lies in the district courts. *See* 5 U.S.C. § 7703(b)(2). The complaint in this action clearly is "mixed" in nature. The question presented by defendant's motion, however, is whether, because plaintiff failed to exhaust his discrimination claims before the MSPB, this Court is precluded from exercising jurisdiction over this case.

"[F]ederal employees . . . are required to exhaust applicable administrative remedies prior to seeking judicial review." *Coffman*, 328 F.3d at 624. When an employee chooses to appeal to the MSPB,[1] "he or she must raise his or her claims of discrimination and present evidence in support of those claims [at the hearing before the MSPB] in order to exhaust the administrative remedy." *Id.* Defendant interprets this exhaustion requirement as obligating plaintiff to present a certain quantum of evidence in order to exhaust the claims, characterizing the evidence presented by the plaintiff in the *Coffman* case as a threshold of some kind. The Court finds nothing in *Coffman* supporting such an interpretation. Rather, *Coffman* discusses cases where courts concluded that plaintiffs failed to "present evidence" and made clear that those cases "utilized the concepts of 'waiver' and 'abandonment.'" *Id.* at 624.[2] It distinguished such

---

[1] Alternatively, a federal employee may opt to file an Equal Employment Opportunity complaint with the relevant employing agency. *See* 5 C.F.R. § 1201.154; 29 C.F.R. § 1614.302; *see also Coffman*, 328 F.3d at 622.

[2] *See Coffman*, 328 F.3d at 624, n.9 ("In [four of the cases], the employee expressly waived discrimination claims and declined to present evidence on them. In [another case], the employee simply failed to present evidence at the time of the evidentiary hearing. In [another case], no evidence was presented because the ALJ

cases from those "where a plaintiff presents evidence of discrimination and affirmatively litigates a claim but ultimately loses on the merits." *Dossa v. Wynne*, 529 F.3d 911, 914 (10th Cir. 2008).

In this case, plaintiff never abandoned his discrimination claims.  Furthermore, he presented them in a manner that permitted a decision on the merits during the administrative proceedings.  In the decision of the administrative judge ("AJ") that was ultimately upheld by the MSPB, the AJ noted that plaintiff "assert[ed] the affirmative defenses of race, national origin and age discrimination."  Docket No. 12-10 at 12.  When he reached those defenses, the AJ assessed the sufficiency of the evidence plaintiff proffered, *see* Docket No. 12-10 at 22-23, and concluded that plaintiff "failed to show, by preponderant evidence, that prohibited discrimination motivated the agency's removal action." *Id.* at 23.  *Cf. Smith v. Wynne*, 2008 WL 185782, at *2 (W.D. Okla. Jan. 18, 2008) ("Having carefully reviewed the MSPB's decision . . ., the Court finds that plaintiff pled and presented evidence in support of her race and gender discrimination claims and that the administrative law judge determined plaintiff's discrimination claims on the merits rather than based on a failure to present any evidence.").  Here, as in *Coffman*, the administrative judge "was not simply assessing the sufficiency of [plaintiff's] pleadings,"[3] but instead was "determining [plaintiff's] unlawful discrimination

---

dismissed the discrimination claims for facial insufficiency.  In [the last case discussed], no determination was made with regard to presentation of evidence.  Instead, the MSPB determined that it lacked jurisdiction because the appeal was premature and such determination was affirmed.").

[3]*Cf. Hill v. Department of the Air Force*, 796 F.2d 1469 (Fed. Cir. 1986) ("After careful review of the record, we conclude that Dr. Hill alleged no set of facts which, if proven, would comprise even a minimum prima facie case of age discrimination.  The

claims on their merits." *Coffman*, 328 F.3d at 625. Plaintiff testified during the proceedings and proffered what he believed to be evidence supporting his claims.[4] Plaintiff "was not required to prevail on such claims in order for the case to remain a 'mixed case' subject to *de novo* review." *Id.*[5] Because the "purpose of the exhaustion requirement – allowing the MSPB to remedy any discrimination before judicial review is required," *Strozier v. U.S. Postal Service*, No. 04-cv-00074-MSK-CBS, 2006 WL 47659, at *4 (D. Colo. Jan. 9, 2006) – has been met in this case, the Court will deny defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss [Docket No. 6] is DENIED.

---

Board correctly held that Dr. Hill had not raised a nonfrivolous allegation of discrimination. Thus this appeal is not a 'mixed case[.]'") (footnote omitted).

[4]*See Dossa v. Wynne*, 529 F.3d 911, 915 (10th Cir. 2008) ("Ms. Dossa presented evidence about her working conditions and the reasons for her claim that she was discriminated against due to gender and national origin. Although the AJ in Ms. Dossa's case concluded that she had presented no evidence of discrimination, our discussion above demonstrates that Ms. Dossa did present some evidence of discrimination. The AJ was free to find it insufficient, but he was not free to equate insufficiency of evidence with abandonment or waiver. Unlike a claimant who failed to comply with the exhaustion requirements, such as cooperating with the investigating agency, Ms. Dossa's pursuit of her discrimination claims throughout the administrative process constituted exhaustion.") (citations omitted).

[5]The Court also rejects defendant's contention that plaintiff's counsel somehow conceded during the administrative hearing that there was an absolute absence of evidence supporting the discrimination claims. A review of the context in which the statement appears, *see* Docket No. 6-2 at 13-14, does not support defendant's sweeping interpretation.

DATED August 15, 2012.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge